IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES G. ANDERSON,

                Plaintiff,                              ORDER

v.

                                                    13-cv-34-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.

---

      Plaintiff Charles Anderson, a patient at the Sand Ridge Secure Treatment Center, has filed a suit pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for social security disability benefits. Plaintiff has not paid the $350 filing fee or submitted a certified copy of his six-month resident account statement. I can construe his complaint to include a request for leave to proceed *in forma pauperis*, but I cannot determine whether plaintiff is indigent for the purpose of filing complaint until he submits a resident account statement for the six-month period immediately preceding the filing.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the

remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

Plaintiff will have to provided a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis*. Because plaintiff's complaint was submitted on January 14, 2013, his resident account statement should cover the period beginning approximately July 14, 2012 and ending approximately January 14, 2013. If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff Charles Anderson may have until February 20, 2013, in which to submit a certified copy of his resident account statement beginning approximately July 14, 2012 and ending approximately January 14, 2013. If, by February 20, 2013, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 28th day of January, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge