IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. ANDERSON,

                                                                           OPINION AND ORDER

                Plaintiff,

                                                                            13-cv-34-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charles G. Anderson filed this request for judicial review of an adverse ruling by defendant Carolyn W. Colvin, contending that defendant erred in denying his claim for social security retirement income benefits on the ground that he was housed in a state facility, cared for at state expense. Plaintiff has made an initial partial payment of his filing fee and has been allowed to proceed *in forma pauperis.*

      Upon service of plaintiff's complaint, defendant Colvin moved to dismiss the complaint, arguing that it was untimely. Plaintiff did not file the case until January 16, 2013, more than 60 days after the issuance of the final decision in his case on August 21, 2012, which makes it untimely under 42 U.S.C. § 405(g). However, plaintiff alleges that he did not receive the final decision promptly after it was sent and has submitted evidence showing that mailings sent to him on June 23, 2012, August 22, 2012 and September 10,

1

2012 were marked "return to sender, attempted—not known, unable to forward." Dkt. #6-9.

28 U.S.C. § 405(g) gives social security claimants 60 days from the date of mailing of an adverse decision in which to file a civil action for judicial review of the decision. The commissioner interprets "mailing" as the date the individual receives a copy of the decision, 20 C.F.R. §§ 404.981, 422.210(c), and receipt is presumed to occur five days after the date of the notice, unless the individual can make a reasonable showing to the contrary. Plaintiff's photocopy of envelopes from the Social Security Administration is a sparse showing, if only because the photocopied envelopes in his exhibit do not show that they contained a copy of adverse decision, but it suggests that plaintiff may be correct when he says that he did not receive the decision more than 60 days before January 16, 2013.

Because plaintiff did not explain in his initial filing why his request for judicial review might be timely, defendant may have until July 16, 2013, in which to submit evidence that her decision would have arrived at plaintiff's correct address at least 60 days before January 16, 2013. Plaintiff may have until July 30, 2013 to respond to any evidence that defendant produces.

ORDER

IT IS ORDERED that defendant Carolyn W. Colvin may have until July 16, 2013, in which to submit proof that a copy of her decision in plaintiff Charles G. Anderson's application for social security benefits was sent to him at his correct address by the Social

Security Administration more than 65 days before January 16, 2013. Plaintiff may have until July 30, 2013 in which to respond to any filing by defendant.

If defendant prefers not to contest the mailing date of the decision and so advises the court, a briefing schedule will be set on the merits of plaintiff's claim.

Entered this 26th day of June, 2013.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge