IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. ANDERSON,

                                                                          OPINION AND ORDER

                 Plaintiff,

                                                                           13-cv-34-bbc

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal of an administrative decision denying plaintiff Charles Anderson's claim for retirement benefits under the Social Security Act, 42 U.S.C. § 405(g), because he is civilly committed to the Sand Ridge Secure Treatment Center under Wis. Stat. ch. 980 as a "sexually violent person."  Plaintiff argues that he should receive benefits because he has a vested right to them and the provision suspending his benefits should not apply because he is not being housed at the government's expense.  Because I disagree with both of these arguments, I will affirm the commissioner's decision.

BACKGROUND FACTS

      The following facts are drawn from the administrative record.

      Plaintiff was convicted of first-degree sexual assault of a child in 1992.  He completed his criminal sentence in 2005.  At that point, the state of Wisconsin pursued a civil

1

commitment of plaintiff as a sex offender, and plaintiff stipulated to the commitment. In October 2005, plaintiff was transferred to the custody of the Wisconsin Department of Health Services and has been civilly committed since then. Under Wisconsin law, he is charged a daily rate for the cost of his care, which he has not yet been charged, but which he will owe if and when he is released.

In December 2009, plaintiff applied for Social Security retirement benefits. On December 27, 2009, plaintiff was notified that he qualified for these benefits but could not receive them because he was "imprisoned for the conviction of a crime."

Plaintiff challenged the denial. In a November 24, 2010 decision, the administrative law judge concluded that the "prisoner suspension" of benefits provision under GN 02607.160 was appropriate because the Wisconsin Resource Center (where plaintiff was housed at the time) is a "correctional facility," and even it were not, the prisoner suspension provision "applies even where a confinement is 'temporarily outside the facility because of hospitalization' or where the individual is in the custody of an institution because of a court order,[] which is certainly the case here."

Plaintiff argued that he should not be considered as housed at the government's expense when he is being billed for his care. The administrative law judge responded by stating that plaintiff was not paying the debt incurred, and that Davel v. Sullivan, 902 F.2d 559 (7th Cir. 1990), stands for the proposition that benefits may be suspended even when a claimant was being billed for housing and care by the state.

Plaintiff appealed the administrative law judge's decision. The Appeals Council issued

a ruling on August 21, 2012 affirming the decision, stating that:

> Section 202(x) of the Social Security Act provides that an individual will not be paid monthly benefits when, immediately upon completion of confinement to a correctional facility pursuant to conviction of a criminal offense involving sexual activity, he is confined by court order in an institution at public expense because he is found sexually dangerous or a sexual predator.

The council noted that plaintiff was being billed at a monthly rate of $11,430 and plaintiff was earning $30 a month, "so he is not paying for his care."

OPINION

A. Standard of Review

A federal court reviews the commissioner's determination with deference and will uphold a denial of benefits unless the decision is not supported by substantial evidence or is based on an error of law. 42 U.S.C. § 405(g); Terry v. Astrue, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). When reviewing an agency's interpretation of a statute deemed to be ambiguous, this court will uphold the agency's interpretation if it is based on a permissible construction of the statute. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842–43 (1984). In this case, the relevant decision is that of the Appeals Council.

The facts from the administrative record are undisputed; plaintiff is civilly committed as a sexually violent person under Wisconsin law. Further, the parties agree that plaintiff's benefits are being withheld under 42 U.S.C. § 402(x), titled "Limitation on payments to

3

prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees." This provision states as follows:

> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual–
>
> > (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense,
>
> ***
>
> > (iii) immediately upon completion of confinement as described in clause (i) pursuant to conviction of a criminal offense an element of which is sexual activity, is confined by court order in an institution at public expense pursuant to a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding[.]
>
> ***
>
> (B)(ii) For purposes of clauses (ii) and (iii) of subparagraph (A), an individual confined in an institution as described in such clause (ii) shall be treated as remaining so confined until--
>
> > (I) he or she is released from the care and supervision of such institution, and
>
> > (II) such institution ceases to meet the individual's basic living needs.

Plaintiff raises two issues about the application of the law to the facts of his case: (1) his retirement benefit is "vested" and thus cannot be taken away and (2) he should not be considered to be housed at the government's expense under § 402(x)(1)(A)(iii) because he is being billed for his care.

With regard to the "vesting" of his retirement benefit, it is well settled that social security benefits are not property rights, and Congress may alter any provision of the Social

4

Security Act, so long as it does not create "patently arbitrary classification[s], utterly lacking in rational justification." Flemming v. Nestor, 363 U.S. 603, 610-611 (1960). It does not violate this principle to withhold retirement benefits from individuals already being supported by the government (whether they are criminally incarcerated or civilly committed). Milner v. Apfel, 148 F.3d 812, 813 (7th Cir. 1998) (rational basis exists for suspension of benefits for individuals committed to mental hospital after being acquitted by reason of insanity); Butler v. Apfel, 144 F.3d 622, 625 (9th Cir. 1998) (suspension of prisoner's benefits has rational basis); Davis v. Bowen, 825 F.2d 799, 801 (4th Cir. 1987) (same).

Turning to the question whether plaintiff is being housed at the government's expense, plaintiff argues that he is being charged for each day of his civil commitment and could be forced to pay for his commitment in the future if he has the funds to do so. The commissioner's interpretation of this provision is that plaintiff is being held at "public expense" despite being billed because he is not in position to pay the large debt he has incurred. This is not an impermissible interpretation. Indeed, it comports with the interpretation the Court Appeals for the Seventh Circuit has given the "at public expense" language in the analogous provision applying to individuals who are confined to an institution after a verdict of not guilty by reason of insanity. Milner v. Apfel, 148 F.3d 812, 813 (7th Cir. 1998) (persons deemed to be "supported at the expense of the Illinois taxpayer" where "[i]f they are ever released, they will get a bill . . . but in all likelihood won't be able to pay it—and they may never be released."). It is undisputed that plaintiff does not have the ability to pay off any more than a small fraction of the debt he is incurring, so it is reasonable to

5

characterize plaintiff as being housed at public expense. Therefore, I will affirm the decision of the commissioner denying retirement benefits to plaintiff.

## ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 31st day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge